UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:06 CV-641-Or1-18J6G

FURMANITE AMERICA, INC,   Florida Bar No. 793574

    Plaintiff,

v.

T.D. WILLIAMSON, INC., GREG FOUSHI,
JOSE DELGADO, SAUL FERRER, JAMES JACKSON,
ROBERT JOLIN, MICHAEL MAINELLI,
REBECCA MINERVINO, JAMES OVERSTREET,
ROBERT SCHMIDT, and NICOLE TURNER,

    Defendants.
_____/



## VERIFIED COMPLAINT

Plaintiff, FURMANITE AMERICA, INC., by and through undersigned counsel, sues Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, NICOLE TURNER, and states:

### General Allegations

1. Plaintiff, Furmanite America, Inc. ("Furmanite"), is a Virginia corporation with its principal place of business in LaPorte, Texas.

2. Defendant, T.D. Williamson, Inc. ("TDW"), is an Oklahoma corporation with its principal place of business in Oklahoma.

3. Defendant, Greg Foushi ("Mr. Foushi"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

4. Defendant, Jose M. Delgado ("Mr. Delgado"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

5. Defendant, Saul Ferrer ("Mr. "Ferrer"), is a natural person, who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

6. Defendant, James Jackson ("Mr. Jackson"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

7. Defendant, Robert Jolin ("Mr. Jolin"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

8. Defendant, Michael Mainelli ("Mr. Mainelli"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

9. Defendant, Rebecca Minervino ("Ms. Minervino"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

10. Defendant, James Overstreet ("Mr. Overstreet"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

11. Defendant, Robert Schmidt ("Mr. Schmidt"), is a natural person who is a former employee of Furmanite, is a citizen of Florida, and is *sui juris*.

12. Defendant, Nicole Turner ("Ms. Turner"), is a natural person who is a former employee of Furmanite is a citizen of Florida and is *sui juris*. (collectively, the individuals Defendants identified in paragraphs 3 – 12 herein shall be referred to herein as "Former Employees")

13. At all times herein the Former Employees conspired together to commit acts alleged herein.

14. This is an action for injunctive relief, or damages in excess of $75,000.00, exclusive of attorney's fees and costs.

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

16. All Defendants are subject to personal jurisdiction in the State of Florida because *inter alia*: (a) TDW operates, conducts, engages in, or carries on a business or a business venture in the State of Florida; and (b) All Defendants committed various torts in the State of Florida.

17. Pursuant to 28 U.S.C. §1391(a), venue is proper in the Middle District of Florida because many of the Defendants reside in the Middle District of Florida and a substantial part of the events giving rise to the claim arose in the Middle District of Florida.

18. Furmanite is in a specialized niche business that provides pipeline repair services, including "hot tapping" and "plugging," leak detection and repair, and ancillary services. In the Orlando market, in excess of 90% of Furminate's business is derived from its hot tapping service line.

19. TDW provides similar services as Furmanite and is a direct business competitor of Furmanite.

20. In December 2005, Furmanite purchased the General Services Group division assets of Flowserve Corp., a New York corporation that employed Mr. Foushi, Mr. Delgado, Mr. Ferrer, Mr. Jackson, Mr. Jolin, Mr. Mainelli, Ms. Minervino, Mr. Overstreet, Mr. Schmidt, Ms. Turner. The assets included but were not limited to computer hardware, software, trade secrets, contractual and business relationships together with equipment.

21. Subsequent to December 2005, Furmanite continued to employ the following persons in its Orlando, Florida office:

  a. Mr. Foushi as Operations/Sales Manager.

  b. Mr. Delgado as a Field Technician.

  c. Mr. Ferrer as a Field Technician,

  d. Mr. Jackson as an Operations Manager.

  e. Mr. Jolin as Warehouse Manager.

  f. Mr. Mainelli as a Sales Representative.

  g. Ms. Minervino.

  h. Mr. Overstreet as a Field Technician.

  i. Mr. Schmidt as a Field Technician.

  j. Ms. Turner as an Administrative Assistant.

22. Between December 2005 and January, 2006, Mr. Foushi, Mr. Delgado, Mr. Ferrer, Mr. Jackson, Mr. Jolin, Mr. Mainelli, Ms. Minervino, Mr. Overstreet, Mr. Schmidt, Ms. Turner each executed confidentiality agreements (collectively the "Confidentiality Agreements"). True and accurate copies of the Confidentiality Agreements are attached hereto as **Composite Exhibit "A."**

23. On March 31, 2006, Mr. Foushi, Mr. Delgado, Mr. Ferrer, Mr. Jackson, Mr. Jolin, Mr. Mainelli, Ms. Minervino, Mr. Overstreet, Mr. Schmidt, Ms. Turner (collectively, the "Former Employees") each resigned from their respective employment with Furmanite, without providing any advance notice of their resignations.

24. Prior to leaving Furmanite's employment on March 31, 2006, the Former Employees removed from Furmanite's offices all copies of the following:

  a. Many of Furmanite's contract files, quote books, quote files, all files relating to ongoing projects, all open invoices, certain accounts receivable files, files relating to recent projects, former customer files, and personnel files;

      b.     Computer data necessary for Furmanite's business was deleted, making tracking the materials wrongfully taken from Furmanite's more difficult, including the files of data showing the last files accessed on Mr. Foushi's computer station;

      c.     Files on a computer disk identified as: 48-sp-5.dw2, 2002 holiday schedule, 2006 employee wages, Con-sp12.dw2, Employee 2005, Employee Salary, Equipment Trans.xls, Flowserve Group OLS, Laura M, Orlando Employee Name Positions; and

      d.     Substantial amounts of equipment and appliances, including but not limited to those items set forth in **Exhibit "B"** attached hereto.

25.     Either prior to March 31, 2006, or immediately after March 31, 2006, the Former Employees became employees of TDW, a direct competitor of Furmanite.

26.     Beginning immediately prior to March 31, 2006, the Former Employees individually or in concert with one another utilized, and continue to utilize, Furmanite's documents and computer data to advance the business of TDW, a direct competitor of Furmanite.

27.     Immediately after March 31, 2006, the Former Employees and TDW, in concert with one another, made knowing misrepresentations to the Furmanite's customers that Furmanite was no longer in business. For example, on April 18, 2006, Mr. Foushi told Daniel Salinas of Poole & Kent Company that Furmanite had gone "belly up;" and that TDW would be able to perform the work that Flowserve had been previously contracted to perform (in direct contravention of Mr. Foushi's misrepresentations, the Poole & Kent Company contract had been assigned to Furmanite as part of Furmanite's purchase of Flowserve's assets).

28.     Further, in April 2006, Mr. Foushi attempted to induce Kloot Construction to breach its contract with Furmanite by providing Kloot Construction with false information about the financial condition of Furmanite as well as Furmanite's ability to perform contracts.

29. All conditions precedent to bringing this action have occurred, have been satisfied, or have been waived.

30. Furmanite has retained the undersigned counsel to enforce its rights and is obligated to pay counsel a reasonable fee for its services.

### Count I- Tortious Interference with Business Relationships-Injunctive Relief

31. Furmanite re-alleges and re-avers paragraphs 1-30 above as though fully set forth herein.

32. This is an action for temporary and permanent injunctive relief.

33. Furmanite has business relationships with various customers, including but not limited to, Kloot Construction and Poole & Kent Company.

34. The Former Employees and TDW know that Furmanite has advantageous business relationships with various customers.

35. Without justification, the Former Employees and TDW, acting in concert with one another, intentionally interfered with Furmanite's business relationships with various of Furmanite's customers.

36. As a direct and proximate result of the Former Employees and TDW's interference with its business relationships, Furmanite has suffered and continues to suffer irreparable harm.

37. Furmanite has no adequate remedy at law because the Former Employees and TDW are destroying the value of the Furmanite's business by continuing to interfere with Plaintiff's business relationships.

38. Furmanite has a substantial likelihood of success on the merits.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC, demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, enjoining them from: (a) tortiously interfering with Furmanite's customers and prospective customers; (b) representing that Furmanite is no longer in business; (c) requiring return of all documents, electronic data and other equipment that was taken from Furmanite; (d) cease using the documents and electronic data that was improperly taken from Furmanite; (e) award Furmanite its costs in bringing this action; and (f) such other further relief as the Court deems proper.

## Count II- Trade Slander-Injunctive Relief

39. Furmanite re-alleges and re-avers paragraphs 1-30 above as though fully set forth herein.

40. The Former Employees and TDW, acting in concert with one another, continue to publish to various persons false statements regarding the condition of Furmanite's business and Furmanite's ability to perform contracts.

41. The Former Employees and TDW know that the statements they are making regarding the condition of Furmanite's business and Furmanite's ability to perform contracts are false.

42. As a direct and proximate result of the Former Employees and TDW's false statements, Furmanite continues to be damaged.

43. Furmanite has no adequate remedy at law because the Former Employees and TDW are destroying the value of the business which Furmanite purchased.

44. Unless the Former Employees and TDW are enjoined, Furmanite will suffer irreparable harm.

45. Furmanite has a substantial likelihood of success on the merits.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC, demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, enjoining them from: (a) communicating to Fumanite's customers and prospective customers misinformation about Furmanite's business; and (b) award Furmanite its costs in bringing this action.

## Count III - Injunctive Relief - Fla. Stat. 688.001 et. seq.

46. Furmanite re-alleges and re-avers paragraphs 1-30 above as though fully set forth herein.

47. The property which the Former Employees took from Furmanite and furnished to TDW including, but not limited to, computer files, contracts, and pricing information constitute trade secrets because it is information that derives independent value from not being generally known, or not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

48. Furmanite made reasonable efforts to maintain the secrecy of its trade secrets.

49. Acting in concert together, TDW and the Former Employees misappropriated trade secrets that belong to the Furmanite.

50. As a direct and proximate result of TDW and the Former Employees misappropriating trade secrets from Furmanite, Furmanite has been damaged, TDW and the

Former Employees have been unjustly enriched, and Furmanite is entitled to a reasonable royalty for its misappropriated trade secrets.

51. Pursuant to Section 688.005, Florida Statutes, Furmanite is entitled to recover its attorney's fees from the Former Employees and TDW.

52. Furmanite has no adequate remedy at law because the Former Employees and TDW are destroying the value of the business which Furmanite purchased.

53. Unless the Former Employees and TDW are enjoined, Furmanite will continue to suffer irreparable harm.

54. Furmanite has a substantial likelihood of success on the merits.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC, demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, requiring them to: (a) return all documents and electronic data that was taken from Furmanite; (b) cease using the documents and electronic data that was taken from Furmanite;  (c) award Furmanite its attorney's fees and costs in bringing this action; and (d) provide Furmanite such other further relief as the Court deems proper.

### Count IV- Breach of Confidentiality Agreements-Injunctive Relief

55. Furmanite re-alleges and re-avers paragraphs 1-30 above as though set forth herein.

56. The Confidentiality Agreements constitute valid and enforceable contracts.

57. Pursuant to the Confidentiality Agreements, the Former Employees agreed that Furmanite's financial, operational and strategic information constituted confidential information.

58. Pursuant to the Confidentiality Agreements, the Former Employees agreed to maintain the confidentiality of Furmanite's confidential information.

59. The Former Employees agreed that the Confidentiality Agreements were enforceable by injunctive relief.

60. The Former Employees continue to breach the Confidentiality Agreements by using Furmanite's confidential information, and providing Furmanite's confidential information to other persons, including Furmanite's direct competitor, TDW.

61. As a direct and proximate result of the Former Employees breaching the Confidentiality Agreements, Furmanite continues to suffer irreparable harm.

62. Furmanite has no adequate remedy at law because the Former Employees and TDW are destroying the value of the business which Furmanite purchased.

63. Unless the Former Employees and TDW are enjoined, Furmanite will suffer irreparable harm.

64. Furmanite has a substantial likelihood of success on the merits.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC, demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, requiring them to: (a) return all documents and electronic data that was taken from Furmanite; (b) cease using the documents and electronic data that was taken from Furmanite; (c) award Furmanite its costs incurred in this matter; and (d) provide Furmanite such other further relief as the Court deems proper.

## Count V- Fla. Stat. 688.001 et. seq.-Damages

65. Furmanite re-alleges and re-avers paragraphs 1-30 above as though fully set forth herein.

66. The property which the Former Employees took from Furmanite and furnished to TDW constitutes trade secrets because it is information that derives independent value from not being generally known, or not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

67. Furmanite made reasonable efforts to maintain the secrecy of its trade secrets.

68. Acting in concert together, TDW and the Former Employees misappropriated trade secrets that belong to the Furmanite.

69. As a direct and proximate result of the Former Employees and TDW misappropriating trade secrets from Furmanite, Furmanite has been damaged, and in any event, Furmanite is entitled to a reasonable royalty for the misappropriated trade secrets.

70. Pursuant Section, 688.005 Florida Statutes, Furmanite is entitled to recover its attorney's fees from the Former Employees and TDW.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC, demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, for damages, attorney's fees and costs, for such other further relief as the Court deems proper.

## Count VI- Conversion-Damages

71. Furmanite re-alleges paragraphs 1-30 above as though set forth herein.

72. The Former Employees were not authorized to remove Furmanite's files and computer data, therefore preventing Furmanite from collecting its receivables.

73. Acting in concert together, the Former Employees and TDW, have deprived Furmanite of its right of possession to such property by removing Furmanite's files and computer data and refusing to return such items, thereby depriving Furmanite of the value of its business.

74. The deprivation by the Former Employees and TDW is inconsistent with Furmanite's property rights.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC., demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, for damages, costs, and provide Furmanite such other further relief as the Court deems proper.

### Count VII- Tortious Interferences With Business Relations-Damages

75. Furmanite re-alleges paragraphs 1-30 above as though set forth herein.

76. Furmanite had business relations with various customers.

77. The Former Employees and TDW were aware of advantageous business relations which Furmanite had with various customers.

78. Without justification, the Former Employees and TDW, acting in concert together, interfered with the several advantageous business relations Furmanite had with its customers.

79. As a direct and proximate result of the Former Employees and TDW's interference with Furmanite's business relations, Furmanite has been damaged.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC., demands judgment against Defendants, T.D. WILLIAMSON, INC., GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, for damages, costs, and provide Furmanite such other further relief as the Court deems proper.

### Count VIII- Breach of Confidentiality Agreements-Damages

80. Furmanite re-alleges paragraphs 1-30 above as though set forth herein

81. The Confidentiality Agreements constitute valid and enforceable contracts.

82. Pursuant to the Confidentiality Agreements, the Former Employees agreed that Furmanite's financial, operational and strategic information that the Former Employees were given access to constituted confidential information.

83. Prior to the termination of their employment, the Former Employees breached the Confidentiality Agreements by misappropriating Furmanite's confidential information for their own benefit and providing it to other persons, including Furmanite's competitor, TDW.

84. As a direct and proximate result of the Former Employees breaches of the Confidentiality Agreements, Furmanite was damaged.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC., demands judgment against Defendants, GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, and NICOLE TURNER, for damages, costs, and provide Furmanite such other further relief as the Court deems proper.

### Count IX- Florida Unfair and Deceptive Trade Practices Act-Damages

85. Furmanite re-alleges paragraphs 1-30 above, as if fully set forth herein.

86. TDW utilized unfair methods of competition, unconscionable acts or practices and unfair or deceptive practices in the conduct of trade or commerce within the meaning of Section 501.204, Florida Statutes.

87. TDW's deceptive and unfair trade practice was that TDW simultaneously hired a large group of employees from its direct competitor, Furmanite, and used trade secrets and proprietary information that such employees wrongfully took from Furmanite for TDW's benefit and to the detriment of Furmanite.

88. As a result of the TDW's actions, Plaintiffs have been damaged.

89. Pursuant to Section 501.2105, Florida Statutes, Plaintiff is entitled to recover its attorney's fees from TDW.

WHEREFORE, Plaintiff, FURMANITE AMERICA, INC., demands judgment against Defendant, T.D. WILLIAMSON, INC., for damages, attorney's fees and costs, and provide Furmanite such other further relief as the Court deems proper.

Dated: May 05, 2006.

                Respectfully submitted,

                RUDEN, McCLOSKY, SMITH,
                SCHUSTER & RUSSELL, P.A.
                Attorneys for Plaintiff
                200 East Broward Boulevard, 15th Floor
                Fort Lauderdale, Florida 33301
                Phone: (954) 527-6237
                Fax:   (954) 333-4237

                By: _____
                    Thomas K. Gallagher
                    Florida Bar No. 793574

FTL:1744544:5

05/05/2006 16:10 FAX 2818425111    Received 05/05/2006 05:02PM in 00:48 on line [1] for TKG * Pg 1/1    CANNON    ☑001/001

## VERIFICATION

STATE OF Texas        )
                      ) SS:
COUNTY OF Harris      )

BEFORE ME, the undersigned authority, personally appeared Matthew Sisson who, after being sworn, states as follows:

1. I am the Vice President of FURMANITE AMERICA, INC.

2. I am over the age of 18 years.

3. The factual statements set forth herein are based upon my personal knowledge and belief.

4. I have reviewed the Verified Complaint and all of the factual allegations contained therein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

FURMANITE AMERICA, INC.

_[signature]_

STATE OF Texas        )
                      ) SS:
COUNTY OF Harris      )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by Matthew Sisson, the Vice President of Furmanite America, Inc., who is personally known to me or who has produced _____ as identification.

WITNESS my hand and official seal in the County and State last aforesaid this 5th day of May, 2006.

_Wendy B. Rogers_
Notary Public State of Texas At Large

_Wendy B. Rogers_
Typed, printed or stamped name of Notary Public

[Notary Seal: WENDY B. ROGERS, Notary Public, State of Texas, My Commission Expires March 07, 2007]

FTL:1744445

15

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

PAGE 1/1 * RCVD AT 5/5/2006 5:02:35 PM [Eastern Daylight Time] * SVR:FTLWEB1/1 * DNIS:4237 * CSID:2818425111 * DURATION (mm-ss):00-48