**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FURMANITE AMERICA, INC.,**

      **Plaintiff,**

-vs.-                                                                                  Case No.: 6:06-cv-641-Orl-19JGG

**T.D. WILLIAMSON, INC., TDW SERVICES, INC.,GREG FOUSHI, JOSE DELGADO, SAUL FERRER, JAMES JACKSON, ROBERT JOLIN, MICHAEL MAINELLI, REBECCA MINERVINO, JAMES OVERSTREET, ROBERT SCHMIDT, NICOLE TURNER, JOHN FOUSHI and BRYAN McDONALD,**

      **Defendants.**
_____

**ORDER**

This case comes before the Court on the following:

1. Defendants' Motion for Reconsideration of Order Denying Motion to Strike Plaintiff's Damages Expert, filed by Defendants T.D. Williamson, Inc., TDW Services, Inc.,Greg Foushi, Jose Delgado, Saul Ferrer, James Jackson, Robert Jolin, Michael Mainelli, Rebecca Minervino, James Overstreet, Robert Schmidt, Nicole Turner, John Foushi and Bryan McDonald (collectively "TDW") on April 16, 2007; (Doc. No. 168); and

    2.      Plaintiff's Response to Defendants' "Motion for Reconsideration"of Order Denying Motion to Strike Plaintiff's Damages Expert, filed by Plaintiff Furmanite America, Inc. on April 26, 2007.  (Doc. No. 176).

**Background**

Furmanite and T.D. Williamson, Inc. are both firms which operate in the industrial pipeline repair industry.  Prior to December of 2005, Furmanite employed Defendants Greg Foushi, Jose Delgado, Saul Ferrer, James Jackson, Robert Jolin, Michael Mainelli, Rebecca Minervino, James Overstreet, Robert Schmidt, Nicole Turner, John Foushi as employees in its Orlando, Florida service center.  (*E.g*., Doc. No. 61, ¶ 24).  On March 31, 2006, Greg Foushi, Jose Delgado, Saul Ferrer, James Jackson, Robert Jolin, Michael Mainelli, Rebecca Minervino, James Overstreet, Robert Schmidt, and Nicole Turner all resigned from their employment with Furmanite, allegedly without providing any advance notice of their resignations and leaving Furmanite's Orlando office without staffing.[1]  (*Id*. at ¶ 31).  On or about April 3, 2006, these individuals interviewed and completed paperwork to become employees of T.D. Williamson.  (*E.g., id.* at ¶ 35; Doc. No. 101, p. 8,, ¶ 12).  The employees brought various items with them to T.D. Williamson.  An employee for T.D. Williamson arranged to have a U-Haul truck pick up the employees' materials.  (*E.g.,* Doc. No. 120-31, pp. 7-8).

The crux of the instant case is an alleged conspiracy on the part of the corporate and individual Defendants to cripple Furmanite's Orlando office by having the former employees

---

[1]    John Foushi had previously resigned on March 17, 2006.  (*E.g.*, Doc. No. 61, ¶ 28).

simultaneously resign on March 31, 2006 while also removing Furmanite's property and engaging in trade slander by disparaging Furmanite to its customers. (*See generally* Doc. No. 61). In its Amended Complaint, Furmanite alleged that Defendants' actions amount to tortious interference with business relationships, (Count I), Trade Slander, (Count II), a violation of Section 688.001 et seq., Florida Statutes, (Count III), breach of confidentiality agreements, (Count IV), conversion, (Count V), a violation of the Florida Unfair and Deceptive Trade Practices Act, (Count VI), economic boycott, (Count VII), civil conspiracy, (Count VIII), and a breach of the duty of loyalty on the part of John and Greg Foushi. (Count IX). TDW denied the above allegations, and Defendants Greg Foushi and Michael Mainelli counterclaimed for breach of contract and unpaid commissions. (*See generally* Doc. Nos. 65, 66).

On April 5, 2007, the Court denied TDW's Motion to strike Furmanite's proffered damages expert, Michael O'Rourke. (Doc. No. 146). The Court found that TDW's argument that Mr. O'Rourke's conclusions were based on a flawed methodology and that his proffered opinions were unreliable under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny went to the credibility of the expert's opinion rather than the opinion's reliability under *Daubert*. (Doc. No. 146, p. 10).

On April 12, 2007, the Court granted summary judgment in favor of Defendants as to Counts II and VII of the Amended Complaint (Trade Slander and Economic Boycott, respectively), and a portion of Counts IV and V of the Amended Complaint. (Doc. No. 160, pp. 27-28). Specifically with regard to Counts IV and V, the Court granted summary judgment on Count IV (Breach of Confidentiality Agreements) only on behalf of the

corporate defendants, T.D. Williamson, Inc. and TDW Services, Inc., and granted summary judgment on Count V (Conversion) solely on Furmanite's conversion claim for the value of its Orlando office. (Doc. No. 160, pp. 27-28). Summary judgment was denied as to the remaining Counts of the Amended Complaint. (*Id.*)

TDW now moves for reconsideration of the Court's April 5, 2007 Order denying TDW's Motion to strike Furmanite's damages expert, Michael O'Rourke. (Doc. No. 146). TDW argues that the Court's Order on Defendants' Motion for Summary Judgment now renders Mr. O'Rourke's testimony irrelevant and inadmissible under *Daubert*. Furmanite responds that TDW has not satisfied the standard for reconsideration and furthermore that its arguments are based on an incorrect reading of Florida law and the Court's summary judgment Order.

**Standard of Review**

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). The decision to grant a motion for reconsideration under either rule is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id*. at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior

decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion fo reconsideration should not be used to reiterate arguments previously made. *Burger King*, 181 F.Supp.2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id*.

**Analysis**

TDW's Motion for Reconsideration must be denied due to its failure to offer a valid basis for reconsideration. Reconsideration is an extraordinary remedy that should only be granted where (1) there is a pertinent, intervening change in controlling law; (2) the availability of new evidence is discovered; or (3) there is a need to correct clear error or prevent manifest injustice. *E.g., O'Dell v. Doychak,* No. 6:06-cv-677-Orl-19DAB; 2006 WL 2092283, at *4 (M.D. Fla. Jul. 26, 2006); *Burger King*, 181 F.Supp. at 1369. None of these conditions is present in the case at bar.

TDW argues that the Court's summary judgment Order was a "significant intervening change" in the instant case which merits reconsideration. This argument is not well taken. First, the Court notes that TDW's characterization of the Court's Order is not one of the applicable grounds for reconsideration authorized by applicable case law. *See O'Dell*, 2006 WL at *4. Furthermore, even if the Court could "fit" such argument into one of the three prongs, reconsideration is not warranted in the case at bar. As TDW itself notes, relevancy is and always has been an element of the *Daubert* inquiry. *See, e.g., Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (under *Daubert* there are three discrete inquiries, "qualifications, relevance, and reliability").

Nothing prevented TDW in its initial motion to strike from arguing relevancy or at least making the conditional argument that Mr. O'Rourke's testimony was only pertinent to certain claims and defenses in the instant case, and should those claims not survive summary judgment his testimony would not assist the trier of fact. Instead, TDW made the strategic decision to argue only the reliability prong of *Daubert*. A motion for reconsideration should not be used as a vehicle to present argument and authorities available at the time of the first decision in the case. *See, e.g., Burger King*, 181 F.Supp.2d at 1369.

Furthermore, even if the Court were to grant reconsideration, Mr. O'Rourke's testimony is still relevant to the instant case. As Furmanite argues, while Mr. O'Rourke's testimony regarding the loss in value of Furmanite's business as a result of the Defendants' alleged actions is no longer relevant to Furmanite's surviving conversion claims, such opinion is still relevant to assessing damages should the finder of fact determine Defendants are liable on Furmanite's alternative theories of recovery. For these reasons, the Court will deny the motion for reconsideration.

## Conclusion

Based on the foregoing, the Defendants' Motion for Reconsideration of Order Denying Motion to Strike Plaintiff's Damages Expert, filed by TDW on April 16, 2007, (Doc. No. 168), is **DENIED**.

**DONE and ORDERED** in Chambers in Orlando, Florida this 28th_ day of April, 2007.

*(signature)*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record